# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40495
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERTO CEJA-VARGAS, also known as Alan Renteria-Vargas, also known as Jose Hernandez-Cardenas,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-175

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Alberto Ceja-Vargas pleaded guilty to conspiracy to possess with the intent to distribute and distribute 500 grams or more of a mixture containing methamphetamine and/or 50 grams or more of methamphetamine (actual) and 100 kilograms or more of marijuana or 100 or more marijuana plants. The district court imposed the advisory guidelines sentence of life imprisonment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40495

Ceja-Vargas first challenges the district court's finding on the amount of drugs for which he was held responsible for sentencing purposes.   The presentence report (PSR) and sentencing testimony showed that Ceja-Vargas led the Dallas, Texas cell of a drug trafficking organization in 2010 and 2011; that the organization transported kilogram quantities of liquid methamphetamine from Mexico to Dallas approximately two times per week; that the drugs were then converted at the organization's Dallas-area stash house to methamphetamine ice or crystal methamphetamine for further distribution; that Ceja-Vargas left the United States and returned to Mexico in February or March 2012; and that 5.94 kilograms of methamphetamine (actual) were seized from the stash house in September 2012.   In addition, Ceja-Vargas presented no evidence that he affirmatively withdrew from the conspiracy or renounced it.  *See United States v. Torres*, 114 F.3d 520, 525 (5th Cir. 1997).   Considering the record as a whole, it is plausible that the methamphetamine found at the stash house was reasonably foreseeable to Ceja-Vargas as a participant in a jointly undertaken criminal activity; thus, the district court did not clearly err in determining that he was responsible for the 5.94 kilograms of methamphetamine (actual).   *See United States v. Carreon*, 11 F.3d 1225, 1230 (5th Cir. 1994).

Next, Ceja-Vargas argues that the district court clearly erred in applying a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) based on a finding that a firearm was possessed.   This argument ignores the record evidence that placed Ceja-Vargas at the stash house prior to his relocating to Mexico in early 2012; that Ceja-Vargas's co-conspirators knowingly possessed firearms at the stash house in order to further the conspiracy; and that the co-conspirators' possession was reasonably foreseeable to Ceja-Vargas.   Such evidence is sufficient to support the district court's imposition of the enhancement under

2

No. 15-40495

§ 2D1.1(b)(1).  *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 765-66 (5th Cir. 2008).

Ceja-Vargas also challenges the district court's four-level role enhancement under U.S.S.G. § 3B1.1(a), arguing that there was insufficient evidence to establish that he had a substantial leadership role in the conspiracy.  This argument is unavailing, however, as the PSR and sentencing testimony reflected that Ceja-Vargas held a high role in the cartel; that he was the boss of the Dallas cell for a two-year period; that he recruited others into the conspiracy's activities; and that he oversaw and organized deliveries of contraband to and from Mexico.  The evidence thus was sufficient to support the district court's finding that Ceja-Vargas was a leader or organizer of the conspiracy.  *See United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005); *see also United States v. Cabrera*, 288 F.3d 163, 175 n.13 (5th Cir. 2002) (noting that more than one person can be a leader).

Ceja-Vargas next contends that his guidelines sentence is substantively unreasonable because his co-conspirators were not sentenced to life in prison and because the facts set forth in the PSR warranted a lesser sentence. Because he did not raise a substantive reasonableness argument in the district court, his contentions are reviewed for plain error only.  *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).  Ceja-Vargas has not made the requisite showing.  Rather, his arguments amount to no more than a disagreement with the propriety of the sentence imposed, which does not suffice to show substantive unreasonableness.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Finally, Ceja-Vargas argues for the first time on appeal that the life sentence imposed by the district court constitutes cruel and unusual punishment in violation of the Eighth Amendment.  However, the threshold

No. 15-40495

comparison between the gravity of his offense and the severity of his sentence does not reflect that the life sentence is grossly disproportionate. *See United States v. Thomas*, 627 F.3d 146, 160 (5th Cir. 2010). Accordingly, Ceja-Vargas has not shown plain error in regard to this constitutional claim. *See United States v. Ebron*, 683 F.3d 105, 155 (5th Cir. 2012).

AFFIRMED.